United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

RADWARE, INC.,

Plaintiff,

v.

U.S. TELEPACIFIC CORP. D/B/A TPX COMMUNICATIONS,

Defendant.

Case No. 19-CV-03835-LHK

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS**

Re: Dkt. No. 48

Plaintiff Radware, Inc. ("Radware") brings a motion to dismiss the counterclaims brought by Defendant U.S. Telepacific Corp. ("TPx"). ECF No. 48. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court GRANTS in part and DENIES in part Radware's motion.

## I. BACKGROUND

Plaintiff Radware is a New Jersey corporation that specializes in "application delivery and cyber security solutions." ECF No. 1 ("Compl.") ¶ 1. Defendant TPx is a California corporation that provides "communications, information technology, and network connectivity" to third parties. *Id.* ¶ 2.

1

Case No. 19-CV-03835-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS

United States District Court
Northern District of California

On December 17, 2018, Radware filed the instant suit in the District of New Jersey. *Id.* Radware alleges that it had entered into an agreement with TPx, whereby Radware would deliver hardware and services to TPx "to assist in the mitigation of Distributed Denial of Service ('DDoS') attacks" on TPx's networks. *Id.* ¶ 6. Radware asserts a number of contract and quasi-contract claims, based on its allegation that TPx only ever paid $375,000 of the total $2 million purchase price. *See id.* ¶¶ 8, 19.

On February 8, 2019, TPx filed a motion to dismiss the case for lack of jurisdiction, or, in the alternative, to transfer the case to this district, ECF No. 16, which Radware opposed, ECF No. 19. On June 11, 2019, the District of New Jersey granted TPx's request to transfer the case to this district. ECF No. 30.

On August 7, 2019, TPx filed its Answer to Radware's Complaint. ECF No. 46 at 1–10 ("Ans."). TPx's response also asserts counterclaims against Radware ("Countercomplaint"). ECF No. 46 at 11–26 ("Countercompl."). Specifically, TPx asserts six counterclaims: (1) negligent misrepresentation, (2) intentional misrepresentation, (3) unfair competition – fraudulent business practice, (4) money had and received, (5) unjust enrichment, and (6) breach of contract. *See* Countercompl. TPx alleges that Radware's system was defective, failed at its core function, and consistently underperformed TPx's previous vendor, Arbor Networks, *id.* ¶¶ 24, 35.

On September 16, 2019, Radware filed the instant motion to dismiss TPx's counterclaims. ECF No. 48 ("Mot."). On October 21, 2019, TPx filed an opposition. ECF No. 52 ("Opp'n). On November 4, 2019, Radware filed a reply. ECF No. 55 ("Reply").

## II. LEGAL STANDARD

### A. Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6)

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its

2

Case No. 19-CV-03835-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

**B. Leave to Amend**

If the Court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal

3

Case No. 19-CV-03835-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS

United States District Court
Northern District of California

quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

**III. DISCUSSION**

As an initial matter, Radware filed a number of exhibits with its motion to dismiss. *See, e.g.*, ECF Nos. 48-1, 48-2. As TPx correctly argued, most of this extrinsic evidence is improper on a motion to dismiss. Opp'n at 10–11; *see, e.g.*, *Lee v. City of Los Angeles*, 250 F.3d 668, 680 (9th Cir. 2001) (holding that the district court erred by relying on extrinsic evidence when ruling on a motion to dismiss). Moreover, Radware does not explain how these documents are pertinent to the legal issues presented to the Court in Radware's motion to dismiss TPx's counterclaims. Accordingly, the Court declines to consider Radware's extrinsic evidence and will instead consider Radware's arguments by "accept[ing] factual allegations in the [Countercomplaint] as true and constru[ing] the pleadings in the light most favorable" to TPx, the nonmoving party. *See Manzarek*, 519 F.3d at 1031.

In TPx's Countercomplaint, TPx asserts six claims against Radware: (1) negligent misrepresentation, (2) intentional misrepresentation, (3) unfair competition – fraudulent business practice, (4) money had and received, (5) unjust enrichment, and (6) breach of contract. Radware moves to dismiss all six claims. As Radware does in its motion, the Court addresses together the first three counterclaims based on fraud, and then addresses in turn each of the remaining claims.

**A. Fraud-Based Counterclaims**

TPx asserts three claims that both parties agree sound in fraud: (1) negligent misrepresentation, (2) intentional misrepresentation, and (3) unfair competition – fraudulent business practice. Countercompl. ¶¶ 39–58; *see* Mot. at 13; Opp'n at 11–19. These claims center around an October 1, 2016 email, in which Brian Azevedo, the Radware Regional Sales Manager, allegedly represented that Radware was "proven to mitigate more attacks in bake-offs against

4

Case No. 19-CV-03835-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS

United States District Court
Northern District of California

Arbor." Countercompl. ¶¶ 40, 46, 52 (the "2016 Bake-Off Statement"). The term "bake-off" refers to "head-to-head, pre-sale customer testing." Mot. at 5.

TPx attached the email to the Countercomplaint as Exhibit A. *See* Countercompl., Ex. A. A court may consider documents attached to the complaint on a motion to dismiss because those documents are considered to be a part of the complaint. *See* Fed. R. Civ. P. 10(c); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (noting that "material which is properly submitted as part of the complaint may be considered.").

As to those claims, Radware raises two arguments: that the 2016 Bake-Off Statement is inactionable puffery, and that TPx otherwise fails to adequately plead fraud under the heightened pleading requirements of Rule 9(b). *See* Mot. at 13–18. The Court considers each argument in turn and concludes that neither has merit.

**1. The 2016 Bake-Off Statement Does Not Constitute Puffery**

As an initial matter, Radware argues that the 2016 Bake-Off Statement was inactionable puffery and thus cannot serve as the basis for TPx's fraud-based claims. Specifically, Radware claims that its statement, like other "[h]ighly generalized statements," was "mere puffery" and thus not actionable in a fraud claim. Mot. at 14. The Court disagrees that the 2016 Bake-Off Statement constitutes mere puffery.

As Radware correctly notes, not all statements are actionable as a matter of law. "A challenged claim is non-actionable 'puffery' if it is a generalized, vague, and unspecified assertion upon which a reasonable consumer could not rely." *Rasmussen v. Apple Inc.*, 27 F. Supp. 3d 1027, 1039 (N.D. Cal. 2014) (internal alterations and quotations omitted). To be actionable, a statement must make a "specific and measurable claim, capable of being proved false or of being reasonably interpreted as a statement of objective fact." *Id.* (quotation omitted). "[T]he common theme that seems to run through cases considering puffery in a variety of contexts is that consumer reliance will be induced by specific rather than general assertions." *Elias v. Hewlett-Packard co.*, 950 F. Supp. 2d 1123, 1133 (N.D. Cal. 2013) (quoting *Cook, Perkiss and Liehe, Inc. v. N. Cal.*

*Collection Serv., Inc.*, 911 F.2d 242 (9th Cir. 1990)). Whether a statement is puffery or a representation of fact is a question of law that can be properly decided on a motion to dismiss. *Cook*, 911 F.2d at 245.

The Court disagrees that the 2016 Bake-Off Statement is highly generalized. Indeed, the statement is meaningfully distinguishable from the cases cited by Radware. Radware analogizes the 2016 Bake-Off Statement to statements a court found to be puffery in *Oestreicher v. Allenware Corp.*, 544 F. Supp 2d 964, 973 (N.D. Cal. 2008). The alleged misrepresentations in *Oestreicher* included vague statements of performance against generic, unnamed competitors: "superb, uncompromising quality" and "faster, more powerful and more innovative than competing machines." *Id.* By contrast, the 2016 Bake-Off Statement specifically represents how Radware's system performed in a controlled environment against the system of a specific competitor, Arbor Networks ("Arbor"). *See* Countercompl. ¶ 40. The Court cannot agree that the 2016 Bake-Off Statement is the sort of "generalized and vague statements of product superiority" that are inactionable puffery. *See Oestricher*, 544 F. Supp. 2d at 973.

Instead, the Court agrees with TPx that the 2016 Bake-Off Statement offers a "specific and measurable claim" that is "capable of being proved false." *See Rasmussen*, 27 F. Supp. 3d at 1039. Indeed, the parties may ascertain whether Radware's system was actually "proven to mitigate more attacks in bake-offs against Arbor" through discovery of how Radware had actually performed against Arbor in any bake-offs conducted by Radware prior to the statement. As a result, this statement is not inactionable puffery.

**2. TPx Adequately Pleaded Both Falsity and Reliance**

Radware also argues that TPx failed to meet Rule 9(b)'s heightened pleading standard requiring fraud to be pled with particularity, and specifically, that TPx failed to adequately allege falsity and justifiable reliance. Mot. at 13–18. TPx responds that it adequately pleaded the fraud claims because those Rule 9(b)'s standards are relaxed as to matters within Radware's knowledge. Opp'n at 11–13. The Court agrees with TPx. The Court first sets forth the pleading standards for

United States District Court
Northern District of California

fraud claims; then, the Court assesses whether TPx adequately alleged falsity and reliance.

Claims sounding in fraud are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001). Under the federal rules, a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To satisfy this standard, the allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Thus, claims sounding in fraud must allege "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). The plaintiff must also plead facts explaining why the statement was false when it was made. *See In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1549 (9th Cir. 1994) (en banc), *superseded by statute on other grounds as stated in Marksman Partners, L.P. v. Chantal Pharm. Corp.*, 927 F. Supp. 1297 (C.D. Cal. 1996).

As an initial matter, TPx has pleaded the who, what, when, and where of the alleged misrepresentation by Radware. TPx has specifically identified the Radware employee by name and title, provided the date and form (i.e., email) of the statement, and the specific content of the 2016 Bake-Off Statement. In fact, TPx attached the October 1, 2016 email to the Countercomplaint. *See* Countercompl., Ex. A. In the email, Brian Azevedo, the Radware Regional Sales Manager, unambigously stated that Radware is "proven to mitigate more attacks in bake-offs against Arbor." *Id.*

Radware first argues that TPx failed to plead a sufficient factual basis for its belief that the 2016 Bake-Off Statement was false. Reply at 3–6. TPx responds by pointing to Ninth Circuit case law that fraud allegations pled "upon information and belief" satisfy Rule 9(b) if they state "facts on which the belief is founded." Opp'n at 9 (quoting *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1042 (9th Cir. 2010). Specifically, "Rule 9(b) may be relaxed as to

7

Case No. 19-CV-03835-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS

United States District Court
Northern District of California

matters within the opposing party's knowledge," and requires only that a claim "specifically plead those facts surrounding alleged acts of fraud to which they can be expected to have access." *Id.* at 11 (quoting *Rubenstein v. Neiman Marcus Grp., LLC*, 687 F. App'x 564, 567–68 (9th Cir. 2017)). Radware acknowledges that, as to information uniquely in Radware's knowledge, Rule 9(b) allows TPx to simply make an allegation on information and belief and state its basis for that belief. Reply at 3 (quoting *Vigdor v. Super Lucky Casino, Inc.*, No. 16-CV-05326-HSG, 2017 U.S. Dist. LEXIS 97681, at *18 (N.D. Cal. June 23, 2017)).

Further, the Court agrees that TPx has sufficiently alleged "facts on which the belief [that the statement is false] is founded." *See Shroyer*, 622 F.3d at 1042. TPx alleges that the claim that Radware's system had been "proven to mitigate more attacks in bake-offs against Arbor" was false at the time it was made. *See, e.g.*, Countercompl. ¶ 53. TPx explains in detail in its Countercomplaint how it came to believe that statement to be false because TPx alleges that the Radware system consistently underperformed Arbor. *See, e.g.*, *id.* ¶ 36. For example, TPx alleges:

> The Radware system continued to leak DDoS traffic that ultimately would have reached TPx's customers had TPx's prior Arbor Networks system not remained installed on TPx's platform. The Arbor Networks system—which had remained on TPx's network as a backup until the Radware system could prove its effectiveness—had no issues blocking all attack traffic during each of the attacks the Radware system failed to successfully mitigate.

*Id.* ¶ 24. The Court finds that these allegations amply demonstrate why TPx believes that Radware's claim that its system was "proven to mitigate more attacks in bake-offs against Arbor" was false. *See id.* ¶ 40.

Radware's arguments to the contrary misconstrue TPx's allegations. Radware claims that TPx "attempts to show past falsehood by pointing to circumstances that currently exist." Mot. at 16 (quoting *Heredia v. Intuitive Surgical, Inc.*, No. 5:15-CV-02662-EJD, 2015 WL 7720915, at *6 (N.D. Cal. Nov. 30, 2015)). But TPx does not argue that the 2016 Bake-Off Statement "conflicts with current state of affairs." Mot. at 16 (quoting *Smith v. Allstate Ins. Co.*, 160 F. Supp. 2d 1150, 1153 (S.D. Cal. 2001)). Instead, TPx's Countercomplaint alleges in detail how TPx came to

8

Case No. 19-CV-03835-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS

believe that Radware had misrepresented Radware's performance in bake-offs against Arbor because TPx had both systems installed and Arbor blocked attack traffic that Radware did not. *See* Countercompl. ¶ 24. TPx does not, as Radware argues, allege that the 2016 Bake-Off Statement later became false due to subsequent circumstances.

Second, Radware argues that "TPx provides no evidence to demonstrate with specificity how it relied upon the 2016 Bake-Off Statement." Mot. at 16. Radware's contention misconstrues TPx's burden on a motion to dismiss. As TPx correctly argues, "TPx need not provide evidence at this stage. Rather TPx need only allege reliance, which it has done." Opp'n at 16; *see, e.g.*, Countercompl. ¶ 43 ("TPx reasonably relied on Radware's representation in deciding to purchase Radware's system."). Whether such reliance "simply defies credulity" or "is especially doubtful," as Radware argues, Mot. at 16–17, is not properly before the Court on a motion to dismiss, where the Court must "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *See Manzarek*, 519 F.3d at 1031. TPx alleged that it was specifically deciding whether to renew its contract with Arbor, *see, e.g.* Countercompl. ¶ 48, and thus TPx could plausibly have relied upon Radware's alleged statement about Radware's system specifically outperforming Arbor when TPx decided to purchase Radware's services. The Court concludes that TPx has adequately alleged reliance.

In sum, the Court disagrees with Radware that TPx has failed to adequately allege the elements of falsity and reliance. As a result, the Court DENIES Radware's motion to dismiss TPx's claims for (1) negligent misrepresentation, (2) intentional misrepresentation, and (3) unfair competition – fraudulent business practice.

**B. Money Had and Received**

TPx asserts a counterclaim for "money had and received." Countercompl. ¶¶ 59–63. Radware argues that this claim should be dismissed because it is "wholly inapplicable" given that Radware did not receive money that was intended to be used for the benefit of TPx, but instead as a "payment toward the purchase of a good or service." Mot. at 19–20. TPx responds that it has

United States District Court
Northern District of California

pleaded a viable claim for money had and received because TPx's payment "in equity and good conscience should be" returned to TPx. Opp'n at 19. The Court agrees with Radware that TPx failed to state a claim for money had and received.

A plaintiff raising a claim for money had and received must plead three elements: "(1) defendant received money; (2) the money defendant received was for plaintiff's use; and (3) defendant is thereby indebted to plaintiff." *Kawczynski v. Kawczynski*, No. 18-CV-05709-NC, 2019 WL 2503627, at *4 (N.D. Cal. June 17, 2019). In TPx's Countercomplaint, TPx claims that "Radware received $375,000 from TPx that was intended to be used for the benefit of TPx," but "[t]hat money was not used for the benefit of TPx because Radware furnished defective goods that failed at the function they were purchased to provide." Countercompl. ¶¶ 60–61.

The Court holds that TPx fails to plausibly plead a claim for money had and received. TPx makes a bare and conclusory assertion that its $375,000 payment "was intended to be used for the benefit of TPx." Countercompl. ¶ 60. However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Wholly absent from the complaint is any factual allegation that TPx's payment was made "for [TPx]'s use." *See Kawczynski*, 2019 WL 2503627, at *4. Instead, as the Purchase Order TPx attached to the Countercomplaint confirms, TPx made these payments in consideration for its purchase of goods and services from Radware. *See* Countercompl., Ex. C. *See Sanjiv Goel MD, Inc. v. CIGNA Healthcare of Cal., Inc.*, 2016 U.S. Dist. LEXIS 195738, at *12 (C.D. Cal. Aug. 22, 2016) (dismissing counterclaim for money had and received where "it would appear Plaintiff received the money for his own benefit as payment for the services he provided to the patients"). TPx has thus failed to plead an essential element of its claim for money had and received: that the $375,000 payments TPx made to Radware were intended for TPx's use.

Accordingly, the Court GRANTS Radware's motion to dismiss TPx's counterclaim for money had and received. Because the Court finds that amendment of this claim would be futile, *see Leadsinger*, 512 F.3d at 532, the Court's dismissal of this claim is without leave to amend.

United States District Court
Northern District of California

**C. Unjust Enrichment**

TPx also asserts a counterclaim for unjust enrichment. Countercompl. ¶¶ 64–68. A claim for unjust enrichment has two elements: "(1) a defendant's receipt of a benefit and (2) unjust retention of that benefit at the plaintiff's expense." *MH Pillars Ltd. v. Realini*, 277 F. Supp. 3d 1077, 1094 (N.D. Cal. 2017). As with its money had and received claim, TPx alleges that Radware provided a "mitigation system that was defective and failed at its core function," which TPx argues renders its $375,000 payment to Radware unjust. Countercompl. ¶¶ 65–66. The Court finds these allegations sufficient to state a claim for unjust enrichment.

Radware's only argument for dismissal is that TPx "has received the benefit of the alleged bargain." Mot. at 20 (quoting *Chuang v. Pepper Snapple Grp., Inc.*, No. CV 17-01875-MWF (MRWx), 2017 WL 4286577, at *8 (C.D. Cal. Sept. 20, 2017)). Radware argues that TPx had contracted to purchase its system for $2 million, and that the price paid to Radware thus represents merely 19% of the purchase price. Mot. at 20. However, as discussed, TPx alleged that the system delivered by Radware was "defective" and "failed at its core function." Countercompl. ¶ 65. Radware argues that TPx "has not produced a single an [sic] iota of proof to support its inexplicable conclusions." Mot. at 20. As explained, the Court does not weigh evidence on a motion to dismiss and does not require "proof" at this stage because it must accept TPx's factual allegations as true. *See Manzarek*, 519 F.3d at 1031 (explaining that, on a motion to dismiss, the Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable" to TPx, the nonmoving party). TPx alleges in detail how the Radware system failed to provide any value, for instance when TPx alleges that "the Radware system failed to detect *any* traffic, even when the volume was substantial." Countercompl. ¶ 33.

Although Radware may disagree that the Radware system warrants the return of the entirety of TPx's $375,000 payments because the Radware system may have provided *some* value to TPx, such a factual dispute is premature in this procedural posture. Instead, for the purposes of the instant motion to dismiss, the Court accepts as true TPx's allegation that Radware's system entirely failed at its intended function. Under such a factual circumstance, the Court holds that

11

Case No. 19-CV-03835-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS

TPx has stated a claim for unjust enrichment because TPx alleges that Radware received a benefit and that Radware's retention of that benefit is unjust. *See MH Pillars Ltd.*, 277 F. Supp. 3d at 1094. Thus, the Court DENIES Radware's motion to dismiss as to this claim.

**D. Breach of Contract**

Finally, TPx asserts a breach of contract claim based on Radware's failure to comply with the forum selection clause in the parties' Master Purchase Agreement ("MPA"). Countercompl. ¶¶ 69–82. Although TPx asserts that the MPA was not valid and enforceable, TPx brings this claim in the alternative to request the attorney's fees that TPx spent to litigate transfer of the case to this Court if a "trier of fact were to conclude that the MPA is valid and enforceable." *Id.* ¶ 70.

Radware moves to dismiss TPx's breach of contract claim for three reasons. First, Radware asserts that TPx cannot bring this claim because TPx denies the existence of a contract. Mot. at 21. Second, Radware argues that TPx cannot assert a breach of contract claim because TPx admits that it also breached the contract by failing to pay the full $2 million purchase price. *See id.*; Opp'n at 22 n.10. Third, Radware argues that TPx may not recover attorney's fees where the contract lacks any provision allowing for recovery of attorney's fees and where no applicable statute provides for recovery of fees. Because the Court agrees with Radware's third argument as discussed below, the Court need not address Radware's first two arguments.

"California follows what is commonly referred to as the American rule, which provides that each party to a lawsuit must ordinarily pay his own attorney fees." *Trope v. Katz*, 902 P.2d 259, 278 (Cal. 1995). In fact, California has expressly codified such a preference alongside a small number of statutory exceptions: "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties . . . ." Cal. Code Civ. P. § 1021. Here, TPx concedes that the parties did not have any such agreement on attorney's fees. Opp'n at 21. Similarly, TPx fails to point to any statutory provision that would authorize such an award of attorney's fees, as required by California Code of Civil Procedure section 1021. Nor does TPx cite any cases

upholding such a grant of attorney's fees for breach of a forum selection clause. *See* Reply at 8.

Accordingly, because California law does not permit recovery of attorney's fees in this situation, the Court GRANTS Radware's motion to dismiss this claim. Moreover, because the Court finds that amendment of the claim would be futile, dismissal of TPx's breach of contract claim is without leave to amend. *See Leadsinger*, 512 F.3d at 532.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part Radware's motion to dismiss TPx's counterclaims.

Specifically, the Court GRANTS Radware's motion to dismiss with prejudice as to TPx's counterclaims for money had and received and breach of contract.

The Court DENIES Radware's motion to dismiss as to TPx's counterclaims for negligent misrepresentation, intentional misrepresentation, unfair competition, and unjust enrichment.

**IT IS SO ORDERED.**

Dated: February 20, 2020

Lucy H. Koh

LUCY H. KOH
United States District Judge