UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RADWARE, INC., <br> Plaintiff, <br> v. <br> U.S. TELEPACIFIC CORP. D/B/A TPX COMMUNICATIONS, <br> Defendant. | Case No. 19-cv-03835-LHK (SVK) <br><br> **ORDER REGARDING DISCOVERY DISPUTES** <br><br> Re: Dkts. No. 68, 71 |

Before the Court are the parties' respective motions to compel, submitted by joint letter briefs. Dkts. 68, 71. Defendant TPX Communications ("TPX") moves to compel production of documents relating to customer complaints received by Plaintiff Radware, Inc. ("Radware"). Dkt. 68. Radware moves to compel production of documents relating to communications between TPX and third-party Arbor Networks, Inc. ("Arbor Networks"). Dkt. 71.

## I. RELEVANT BACKGROUND

In brief, Radware is a provider of distributed denial-of-service ("DDoS") mitigation systems; TPX is a user of such systems. Dkt. 68. In 2017, Radware and TPX entered into negotiations which culminated in a purchase order from TPX to Radware for the purchase and installation of a DDoS mitigation system. *See* Dkt. 1. The purchase price was $2,000,000.00 and was to be paid in quarterly installments over a two-year period. *Id*. ¶¶ 8-10. TPX made the first three payments in the amount of $375,000.00. *Id*. ¶ 19. TPX claims that the system did not function properly and ceased further payments. *See* Dkt. 46. Arbor Networks is a competitor of Radware. Dkt. 71. Arbor Networks was also TPX's provider of DDoS systems both prior to and after TPX's relationship with Radware. *Id*.

Radware filed suit in December 2018 alleging breach of contract, breach of the covenant of

good faith and fair dealing, unjust enrichment, and quantum meruit. *See* Dkt. 1. Radware seeks damages in the amount of $1,625,000.00 and disgorgement. *Id*. at 12-13. TPX responded and asserted 24 affirmative defenses which are primarily directed to contract claims. Dkt. 46. TPX also asserted counterclaims; those that remain are: negligent misrepresentation, intentional misrepresentation, unfair competition, and unjust enrichment. Dkt. 64. TPX's counterclaims arise out of a specific representation made by Radware to TPX in an October 2016 email comparing the Radware DDoS system to that of Arbor Networks. *Id*.

## II. TPX MOTION TO COMPEL

TPX's motion arises out of two overlapping requests for production ("RFPs"), both of which seek documents relating to complaints received by Radware from customers other than TPX regarding the Radware DDoS system. Dkt. 68-2. Radware objected to the requests as both irrelevant and not in proportion to the needs of the case. *Id*. TPX argues that what Radware knew about faults in its product are relevant to TPX's misrepresentation claims and/or its affirmative defenses. Dkt. 68 at 2-3. The Court disagrees.

The disputes at hand – Radware's complaint and TPX's counterclaim – are quite narrow in scope. Radware's claims are limited to claims sounding in contract only. Not surprisingly, TPX's affirmative defenses also primarily sound in contract. Only affirmative defenses nos. 5 (acceptance based on misrepresentation of fact); 12 (Plaintiff's wrongful conduct as proximate cause of harm); and 14 (unclean hands) suggest some conduct of Radware other than its contractual obligations might be at issue. However, these affirmative defenses identify no facts upon which they may be based. The Court looks to TPX's counterclaims, which do address misrepresentation. However, each surviving counterclaim, as plead, is limited in scope to Radware's representation to TPX in October 2016 regarding the comparison of Radware's product to that of Arbor Networks. There are no claims based upon Radware's knowledge of problems with its DDoS system or relating to misrepresentations by Radware to the market at large that would warrant the deep dive into customer histories that would be required to respond to RFPs 33 and 34. The Court considered if the documents requested were produced, which claim or affirmative defense would they support? The answer is none.

2

Accordingly, the requests are overbroad and not in proportion to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). TPX's motion to compel is therefore **DENIED**.

### III. RADWARE MOTION TO COMPEL

Radware's motion arises out of eight RFPs directed to documents and communications between TPX and its former and subsequent provider of DDoS mitigation systems, Arbor Networks. Dkt. 71-2. As with the previous motion, the Court looks first to the claims at issue, which sound strictly in breach of contract arising out of TPX's failure to pay the balance of the amount set forth in the purchase order. *See* Dkt. 1. Arbor Networks is not a defendant in this action, and there are no causes of action alleging malfeasance on the part of Arbor Networks - with or without the involvement of TPX.

Radware points to one allegation in the background section of the complaint, made "on information and belief" which provides, in relevant part:

> Arbor Networks has assisted Defendant TPx in its breach of the Master Purchase Agreement by inducing Defendant TPx to breach the Master Purchase Agreement and procuring such breach for its own benefit. *Plaintiff expects comprehensive discovery to provide further information with regards to the extent of Arbor Networks' involvement in the matter.*

Dkt. 1 ¶ 24 (emphasis added). However, Radware's reliance on "comprehensive discovery" arising out of the claims it actually asserted in this case is misplaced. In further support of its motion, Radware identifies four "unusual and inexplicable occurrences and events."

1. In the "Pre-Sale Period" before TPX issued the purchase order to Radware, the Senior Product Manager for TPX expressed favoritism for Arbor Networks over the Radware product;
2. Radware's belief that Arbor Networks cast aspersions on Radware and its product to discourage TPX from switching from Arbor Networks to Radware;
3. TPX's retention of the Arbor Networks product on the TPX network after the installation of the Radware solution as a second line of defense; and finally
4. TPX's insistence on an installment plan consisting of quarterly payment over a period of four years.

Dkt. 71 at 2.

Even assuming each of the foregoing to be true, the Court is not persuaded that these occurrences bolster Radware's allegation that Arbor Networks induced TPX to breach the contract. TPX suggests, and the Court agrees, that none of the actions above appear to be anything other than a party competing not to lose an existing customer and a prudent buyer moving cautiously from one provider to another. And as noted above, Arbor Networks is not a defendant in this action and there are no claims arising out of Arbor Network's conduct. If the documents requested could be identified and were produced, which claim or defense would they support? The answer, as above, is none.

Accordingly, RFPs 1, 2, 4, 17, 18, 23, 26, and 27 are overbroad and not in proportion to the needs of the case. Radware's motion to compel is **DENIED**.

**SO ORDERED.**

Dated: March 24, 2020

SUSAN VAN KEULEN
United States Magistrate Judge